a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| MOHAMED RABI KAHIN ABDIRAHMAN #A247-030-027, Plaintiff | CIVIL DOCKET NO. 1:25-CV-00257 SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Mohamed Rabi Kahin Abdirahman ("Abdirahman"). Abdirahman is an immigration detainee at the Winn Correctional Central in Winnfield, Louisiana. He challenges the legality of his continued detention.

To determine whether Abdirahman may be entitled to relief, he must AMEND the Petition.

### I.   Background

Abdirahman is a native and citizen of Somalia. ECF No. 1-2 at 3. He alleges that he was ordered removed to Somalia or Ethiopia on October 6, 2023. *Id.* Abdirahman argues that he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because the Government has not yet secured travel documents for his removal.

## II.  <u>Law and Analysis</u>

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.  According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months.  *Id.*, at 701.  Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him.  *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Abdirahman alleges that his removal is unlikely to occur in the reasonably foreseeable future because travel documents have not yet been issued.  However, he provides no allegations or evidence of why he believes travel documents are not forthcoming.  *See Andrade*, 459 F.3d at 543 (noting that aliens must present sufficient evidence and not merely offer conclusory statements).  When a petitioner comes forward with nothing more than conclusory allegations, he fails to shift the burden to the government under *Zadvydas*.  *See Andrade,* 459 F.3d at 543-44.

Abdirahman must amend his Petition to allege why his removal is unlikely to occur in the reasonably foreseeable future.  He should specifically state whether

Somalia or Ethiopia have refused to issue travel documents.  Abdirahman shall also provide any evidence that supports his claim.

### III.  <u>Conclusion</u>

Because additional information is required to support Abdirahman's claim, IT IS ORDERED that he AMEND the Petition within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Thursday, March 20, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE